**UNITED STATES of America**

**v.**

**Mitch KURZBAN, Defendant.**

**No. 88 CR 441.**

United States District Court, E.D. New York.

Jan. 10, 1989.

Andrew J. Maloney, U.S. Atty. (George B. Daniels, Asst. U.S. Atty., of counsel), Brooklyn, N.Y., for plaintiff.

**6**

Gustave H. Newman, P.C., New York City, for defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Defendant has moved to dismiss the indictment and to suppress certain of his statements. The indictment charges him with two counts of bribery of a public official, 18 U.S.C. § 201(b)(1)(A), and two counts of giving a gratuity to a public official, 18 U.S.C. § 201(c)(1)(A).

The public official, Howard Stecker, an engineering technician with the Environmental Protection Agency (EPA), had for some years acted as an inspector with respect to the removal of asbestos. During a part of that period he took bribes, but was arrested in September 1986 for doing so. Thereafter, in November 1986, he entered into a cooperation agreement with the government and undertook to meet with asbestos removal contractors who had previously given him bribes or had evidenced a willingness to do so. Stecker, generally wearing a recording device, engaged them in conversation to see if they would confirm any previous bribe and offer or pay fresh bribes.

Stecker did not conduct inspections after his arrest but remained on the EPA payroll until his resignation on September 8, 1987, having as his primary official duty to cooperate with the agents conducting the investigation. Of course, when he met undercover with the contractors he represented himself as engaged as an EPA inspector in asbestos removal inspections.

The indictment charges in count one that on May 6, 1987 defendant knowingly and corruptly gave $2000 to a public official of the EPA with intent to influence his official acts. Count 2 is identical except that the date alleged is September 3, 1987 and the amount given $3000. Counts 3 and 4 allege payment of gratuities on the same dates and in the same amounts.

The bribery section of the statute, 18 U.S.C. § 201(b)(1)(A), provides in pertinent part that whoever, directly or indirectly, corruptly gives, offers or promises any-

thing of value to "any public official" with intent "to influence any official act" is guilty of a crime.

The gratuity section, 18 U.S.C. § 201(c)(1)(A), provides in relevant part that whoever otherwise than as provided by law for the proper discharge of official duty directly or indirectly gives, offers or promises anything of value to "any public official" for or because of "any official act" performed or to be performed by such public official is guilty of a crime.

Section 201(a)(1) defines the term "public official" to include "an officer or employee" of the United States or any of its departments or agencies. Section 201(a)(3) defines the term "official act" to mean, among other things, any decision or action on any question or matter "which may at any time be pending, or which may by law be brought before any public official, in such official's official capacity."

1. Defendant argues that on May 6 and September 3, 1987 Stecker was not a "public official" capable of performing any "official act."

The argument is that Stecker was not an "official" inspector but was merely playing the role of an EPA inspector, having been given after his arrest no responsibility for asbestos inspections. The argument has no support in the language or the manifest purpose of the legislation.

■ Stecker was an "employee" of the United States at the time he received the bribes on May 6, 1987 and September 3, 1987, and was therefore a "public official." *United States v. Kidd,* 734 F.2d 409, 412 (9th Cir.1984). Indeed, he was engaged on "official" government business. The EPA had authority to investigate whether defendant had committed a violation of the laws relating to asbestos removal and could assign Stecker to the investigation.

While the EPA had not then given him inspection duties, he was not legally disabled from conducting inspections. There was nothing that "by law" inhibited the EPA from requiring him to do so. A matter concerning such an inspection might thus "by law be brought before" him for decision. The fact that no inspection mat-

ter was in fact pending before Stecker is irrelevant.

Moreover, the "intent" that the statute requires for conviction under section 201(b)(1)(A) is the intent to influence "any official act" that could by law be taken by any government employee. While Stecker was engaged as a "public official" on "official" business, defendant allegedly made the payments to induce him to take or refrain from taking action that defendant believed was within Stecker's authority. The alleged intent of defendant was to influence a decision on a matter that might by law be brought before some EPA official. It was of no moment that defendant's belief as to Stecker's authority was mistaken. *United States v. Louie Gim Hall*, 245 F.2d 338, 339 (2d Cir.1957).

One purpose of the bribery statute is to deter persons inclined to pay bribes from doing so. It would ill serve that purpose to allow one who pays money to an official with intent to influence an official act to escape punishment because the official cannot do what he was paid to do. Therefore, as the Court of Appeals for the Second Circuit has said, section 201(b) is violated "even though the official offered a bribe is not corrupted, or the object of the bribe could not be attained." *United States v. Jacobs*, 431 F.2d 754, 759 (2d Cir.1970), *cert. denied*, 402 U.S. 950, 91 S.Ct. 1613, 29 L.Ed.2d 120 (1971).

2. Defendant contends that the government entrapped him and extorted money from him and thereby denied him due process. Defendant has not even made a *prima facie* showing that he was denied due process.

3. Defendant urges the court to suppress the statements he made to Stecker while represented by counsel in a civil suit concerning asbestos removal, citing *United States v. Hammad*, 858 F.2d 834 (2d Cir.1988). The court finds no merit in this contention.

The motion is denied. So ordered.